## George et al. v. Commonwealth.

October 21, 1949.

W. H. Spragens, Judge.

J. Walter Hardesty and Lester H. Spalding for appellant.

A. E. Funk, Attorney General, and Wm. F. Simpson, Assistant Attorney General, for appellee.

JUDGE THOMAS—Dismissing appeal.

The appellants, Phillip and H. S. George, were indicted in the Marion circuit court in which they were accused of violating section 244.050 of KRS, which says: "No retail licensee shall give away any alcoholic beverage in any quantity, or deliver it in any quantity for less than a full monetary consideration." Section 244.-990 of the same statute and chapter penalizes a violation of that section for the first offense by a fine of "not less than one hundred dollars nor more than two hundred dollars."

At their trial defendants were found guilty by the jury with an assessed fine of $100. The bill of evidence was approved by the judge and filed on June 8, 1949, and the record was filed in this court on August 10, 1949, which was sixty-two days after the filing of the bill of exceptions in the trial court. Section 348 of the Criminal Code of Practice prescribes this court's jurisdiction to review and consider appeals from judgments on misdemeanor trials. It says in part: "The party desiring a review of any such judgment shall cause to be prepared by the clerk of the circuit court a record of the proceedings in that court and file same with the clerk of the Court of Appeals within sixty days after the motion for a new trial in the Circuit Court has been acted upon, or within sixty days after the bill of exceptions is approved and filed as a part of the record, and shall at the same time file a motion for an appeal from the judgment."

In Volume 6, part 2 of Kentucky Digest under the head of Criminal Law, Key 1004, cases from this court are listed holding that the right of appeal is a matter of grace extended by the Legislature and that the time provided for prosecuting an appeal to this court is necessary to confer on it jurisdiction to review the judgment appealed from. The statutory provisions for conferring appellate jurisdiction on this court were not followed, since the record was filed in this court two days after the time prescribed therefor had expired.

Having no jurisdiction to review the judgment, it is ordered that the appeal be and it is dismissed.